Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4596 | **DATE** | 3/17/2000 |
| **CASE TITLE** | USA vs. Valenzuela | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. This court finds that Valenzuela's ineffective assistance claim fails on the merits. Valenzuela's motion to vacate his sentence pursuant to 28 U.S.C. §2255 is denied.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | MAR 20 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JD | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,            )
                                     )
        Plaintiff,                   )
                                     )   No. 99 C 4596
        v.                           )
                                     )   Honorable George M. Marovich
WATETKA VALENZUELA,                  )
                                     )
        Defendant.                   )

MEMORANDUM OPINION AND ORDER

DOCKETED
MAR 20 2000

On March 10, 1997, Defendant Wateka Valenzuela ("Valenzuela") plead guilty to two counts of an eight count indictment, acknowledging his involvement in a conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 846. On June 23, 1997, this Court conducted a hearing for purposes of determining Valenzuela's sentencing offense level.

During Valenzuela's sentencing hearing, the Court heard evidence to determine, among other things, to what degree the cocaine involved in the drug conspiracy was crack cocaine.[1] In particular, the government presented: (1) testimony of a police

---

[1] Under the Federal Sentencing Guidelines, "[t]he sentence for possessing one ounce of crack cocaine is the same as that for possessing 100 ounces of powder cocaine." United States v. Branch, 195 F.3d 928, 934 (7th Cir. 1999).

officer that results of laboratory tests performed on substances that undercover police officers and an informant purchased from Valenzuela's organization found crack cocaine, (2) testimony of the police officers involved in the investigation that Valenzuela dealt crack cocaine, and (3) testimony of a police officer that transcripts of recorded conversations between Valenzuela, his associates, undercover police officers and the informant signified that Valenzuela dealt in crack cocaine.

In addition to the government's presentation of evidence, Valenzuela's attorney stated during final arguments:

> I think we can agree that there was an operation that was going on, that drugs were being sold. And as it was put many times, it's not hard to conceive that over fifty grams of crack cocaine was transferred or dealt with over a seven-month period, so I think that we need not speak about what the bottom end is.

(See Sentencing Tr. at 12, United States v. Valenzuela, No. 96 CR 51 (N.D. Ill. June 24, 1997).) Valenzuela's attorney later repeated that Valenzuela dealt over fifty grams of crack. (See id.)

Upon hearing the evidence, this Court determined that Valenzuela sold crack cocaine and was criminally responsible for 1.5 kilograms of crack cocaine. (See id. at 24-26.) The Court

sentenced Valenzuela to 360 months' imprisonment, 10 years' supervised release and issued a $12,000 fine.

Valenzuela subsequently appealed his sentence to the Seventh Circuit, asserting that this Court erred in sentencing him based on the conclusion that he dealt crack cocaine and not some other form of cocaine base. See United States v. Valenzuela, 150 F.3d 664 (7th Cir. 1998). The Seventh Circuit affirmed this Court's sentence, finding "more than enough [evidence] for a district court to decide by a preponderance of the evidence that Valenzuela dealt crack cocaine." Id. at 668. Valenzuela now petitions this Court to vacate his sentence, pursuant to 28 U.S.C. § 2255, contesting the attribution of crack cocaine to him for sentencing purposes and complaining that he is being improperly held due to the ineffective assistance of his trial counsel. For the following reasons, Valenzuela's § 2255 petition is denied.

## DISCUSSION

Valenzuela's § 2255 petition asserts that he received constitutionally deficient representation at trial.[2] Claims of

---

[2] Valenzuela's ineffective assistance argument was not raised in the appellate court and therefore could be subject to procedural default. Nevertheless, because Valenzuela had the
(continued...)

ineffective assistance of counsel, whether raised on direct appeal or through the vehicle of a motion under § 2255, must meet both parts of the test announced in Strickland v. Washington, 466 U.S. 668 (1984). That is, the defendant must first show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. Id. at 688. The Strickland test is "highly deferential" to counsel, "presuming reasonable judgment and declining to second guess strategic choices." United States v. Williams, 106 F.3d 1362, 1367 (7th Cir. 1997). Thus, when examining the "performance" prong of the test, a court must "'indulg[e] a strong presumption that counsel's conduct falls within the wide range of reasonable assistance.'" Galowski v. Berge, 78 F.3d 1176, 1180 (7th Cir. 1996) (quoting United States ex rel. Partee v. Lane, 926 F.2d 694, 700 (7th Cir. 1991)).

---

[2](...continued)
same attorney at trial and on appeal, the Court finds good cause for his failure to raise the ineffective assistance of counsel claim on direct appeal. See, e.g., Prewitt v. United States, 83 F.3d F.3d 812, 816 (7th Cir. 1996); United States v. Hall, 35 F.3d 310, 316 (7th Cir. 1994). As such, the Court will consider the merits of Valenzuela's ineffective assistance claim and, relatedly, whether Valenzuela has demonstrated sufficient prejudice to survive procedural default.

Second, the defendant must demonstrate a reasonable probability that counsel's deficient performance affected the result of the proceedings. <u>Strickland</u>, 466 U.S. at 694. To show prejudice stemming from ineffective assistance of counsel, a defendant must prove "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceedings. <u>Id.</u>

Upon close review, the Court finds that Valenzuela's trial counsel's representation of him was not constitutionally defective pursuant to <u>Strickland</u>. The bottom line is that, even assuming for the sake of argument that Valenzuela's trial counsel performed below an objective standard of reasonableness under prevailing professional norms, Valenzuela cannot demonstrate that the alleged subpar assistance changed the outcome of his sentence.

Valenzuela asserts that his trial counsel's performance was ineffective because he improperly conceded at the conclusion of his sentencing hearing that the cocaine at issue was crack, thereby waiving the issue on appeal. Although it is true that the Seventh Circuit found that Valenzuela's counsel conceded this

5

issue, that concession was by no means the predominate factor in this Court's finding that Valenzuela dealt crack cocaine. Instead, this Court carefully considered the impressive amount of evidence suggesting that Valenzuela dealt crack. Particularly, this Court stated:

> I am convinced that we are dealing with crack here. And I will tell you why I have come to that conclusion. Policemen made hand-to-hand buys that, according to them, resulted in the seizure of 61 grams of crack. At least 40 grams of that substance was both preliminarily tested and confirmed to be crack. Whether you want to be semantically correct about whether they call it rock cocaine or whether they call it crack, I am convinced that that is what it was. And to bolster my conclusion, I look upon other things that I have heard. The police officers who handled it said that it is crack.
>
> * * *
>
> I know that on the transcripts people are talking about dealing with ready crack and cooking. We have the words out of Watketa's mouth that that's what he deals with, he doesn't screw around with raw. And when I put this all together, it is my opinion that I am convinced that we are dealing with crack. That's what they are dealing with out there.
>
> We have the testimony of the police officers, we have the transcripts of Watketa, we have the transcripts of his workers and we have the lab reports that, not standing alone, but when you put them all together, which is what my job is, and it is obviously possible for the defense to chink away at each one of those component parts, but what I'm talking about is the whole, putting it all together, and when you put it all together, it is my opinion and I am convinced that they are dealing with crack.

(Sentencing Tr. at 24-25.)

In short, this was not a situation where the Court blindly relied on Valenzuela's counsel's concession that Valenzuela dealt in crack cocaine. Instead, this Court significantly relied upon the testimony that substances that undercover police officers and an informant purchased from Valenzuela's organization were crack cocaine and testimony that transcripts of recorded conversations between Valenzuela, his associates, undercover police officers and the informant signified that Valenzuela dealt in crack. Thus, regardless of whether Valenzuela's counsel conceded this issue, this Court's finding would have been the same.

It bears additionally noting that, notwithstanding Valenzuela's counsel's waiver of the drug identification issue, the Seventh Circuit found "more than sufficient evidence" for this Court to decide by a preponderance of the evidence that Valenzuela dealt crack cocaine. <u>Valenzuela</u>, 150 F.3d at 668. Particularly, the appellate court noted that a district court could conclude that Valenzuela dealt crack cocaine in light of the fact that:

> Valenzuela admitted as much on three separate occasions: (1) on tape to the undercover officers when he stated that he did not deal in powder cocaine, (2) in person to the district court when he agreed to the Government's description of his crime at the plea

7

hearing,³ and (3) through his counsel to the district court at the close of the sentencing hearing. These pieces of evidence when combined with the police officer's observations of the drugs purchased and the testimony about the laboratory results are more than enough for a district court to decide by the preponderance of the evidence that Valenzuela dealt crack cocaine. Valenzuela's general attacks against this evidence are without merit.

Id. In sum, even if Valenzuela's counsel's concession could be deemed objectively deficient performance, it cannot be said that his counsel's actions changed the outcome of the proceedings in light of the "more than sufficient" additional evidence linking Valenzuela to crack cocaine.

---

³ The two counts that Valenzuela plead guilty to charged him with conspiring to distribute mixtures containing cocaine and cocaine base and distribution of those substances. The "cocaine base" referred to in the indictment was additionally identified in Count One as the substance "commonly known as crack." (Indictment at 2.) During the plea hearing, Valenzuela acknowledged that he plead guilty to conspiring to distribute quantities of powder and crack cocaine. (See Plea Hearing Tr. at 8-9, 22-23, United States v. Valenzuela, No. 96 CR 511 (N.D. Ill. March 10, 1997).)

In direct contradiction to his admission during the plea hearing, Valenzuela has now attached an affidavit to his petition stating that "to the best of [his] knowledge the narcotics that were referred to [during the plea and sentencing] proceedings . . . were not crack cocaine." This affidavit -- filed after his admission at the plea hearing and after he had an opportunity to personally raise the issue at his sentencing hearing -- clearly has little persuasive value. In any event, as the government notes, Valenzuela has not stated that he ever provided this information to his attorney and, therefore, it is unclear how this affidavit has any bearing on Valenzuela's ineffective assistance of counsel claim.

8

The fact that Valenzuela's trial counsel "failed" to obtain independent expert testimony, as Valenzuela additionally asserts, does not alter this result. Valenzuela submits affidavits from three chemists who testify that it would not be possible to conclude "within a degree of scientific certainty" that the chemical substance in Valenzuela's case was crack cocaine. From that, Valenzuela asserts that this Court was missing evidence which could have effectively rebutted the government's evidence that the substance at issue was crack. Put another way, Valenzuela asserts that this Court's "finding may have been based on a preponderance of the evidence that was actually presented," but "if trial counsel had actually obtained and presented the evidence to rebut the claim that the substance was cocaine, the result would have been different." (Pet. at 22.)

The basic problem with Valenzuela's new affidavit evidence is that it simply does not support Valenzuela's contention that it would have changed the outcome of the sentencing proceeding. It is undisputed that the government had the burden of establishing that the drug involved in this case was in fact crack cocaine by a preponderance of the evidence. See Valenzuela, 150 F.3d at 667. As the government cogently argues, the fact that the chemists assert that the drug substance could

not be conclusively determined to be crack *within a degree of scientific certainty* in no way forecloses the possibility of finding that the substance was crack by a *preponderance of the evidence*. Indeed, "courts do not require scientific certainty in determining the chemical composition of an alleged controlled substance." United States v. Umaeme, 975 F.2d 1016, 1019 (4th Cir. 1992). See also United States v. McCaskey, 9 F.3d 368, 379 (5th Cir. 1993).[4] As discussed above, there was considerable evidence supporting this Court's finding, by a preponderance of the evidence, that Valenzuela dealt crack cocaine.

Moreover, to the extent that Valenzuela could have advanced his cause by demonstrating that the drug substance identification lacked scientific certainty, Valenzuela's counsel vigorously pursued this contention in his cross-examination of government witnesses, which the Seventh Circuit referred to as a "strenuous[] . . . effort to show that the Government could not establish that the cocaine was crack," Valenzuela, 150 F.3d at 668. Particularly, during his cross-examination of the police

---

[4] Relatedly, one court has noted that the "much higher" level of "scientific certainty" requires 95 percent certainty as opposed to "the preponderance of the evidence standard of proof" which "requires proof of one's case to at least 51 percent of the evidence." Turpin v. Merrell Dow Pharmaceuticals, Inc., 959 F.2d 1349, 1357 & n.2 (6th Cir. 1992).

10

officer who discussed the cocaine lab reports, Valenzuela's counsel solicited that: (1) the officer did not have a background in chemistry and did not perform the lab tests (see Evidentiary Hearing Tr. at 57-58, <u>United States v. Valenzuela</u>, No. 96 CR 51 (N.D. Ill. June 23, 1997)); (2) many of the lab reports did not use the word "crack" and none of the lab reports stated that the cocaine tested positive for crack (<u>id.</u> at 62-77); and (3) police reports of the cocaine purchases did not use the word "crack," (<u>id.</u>). In short, the point that Valenzuela now seeks to submit through affidavit evidence -- that the drug substance at issue here could not be identified as crack as a matter of scientific certainty -- was effectively made, and considered by this Court, through Valenzuela's trial counsel's cross-examination.

In sum, Valenzuela's petition has not raised any evidence which demonstrates that there is a reasonable probability that, but for his counsel's purported unprofessional errors, the result of his sentencing proceedings would have been different. As such, the Court denies his ineffective assistance claim.

## CONCLUSION

For the reasons stated above, this Court finds that Valenzuela's ineffective assistance claim fails on the merits.

11

Valenzuela's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 is therefore denied.[5]

ENTER:

/s/ George M. Marovich
GEORGE M. MAROVICH
UNITED STATES DISTRICT COURT

DATE: March 1, 2000

---

[5] Because "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court" (Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts), there is no need for an evidentiary hearing (Section 2255 Rule 8(a)). Accordingly, this Court is entitled to "make such disposition of the motion as justice dictates" (id.), which in this instance calls for its summary dismissal (Section 2254 Rule 4(b)).